MORGAN RICHARDS, RESPONDENT, v. WATSON FLAGG ENGINEERING COMPANY, APPELLANT.

Decided September 5, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the appellant, *McDermott, Enright & Carpenter.*

For the respondent, *Kent & Kent.*

PER CURIAM.

The present suit was brought by the plaintiff to recover compensation for personal injuries which, as he claimed, were the direct result of the negligence of the defendant corporation. The trial resulted in a verdict in his favor, the jury awarding him $36,000. A rule to show cause, with exceptions reserved, was then allowed the defendant, and upon the return of the rule the verdict was reduced to $26,000. The present appeal brings before this court for its consideration the questions involved in the reserved exceptions.

The American Can Company was having a factory constructed upon a tract of land owned by it and located on

St. Paul's avenue in Jersey City. The defendant corporation at the time of the accident was engaged in installing an electrical system in the building under a contract with the owner. The plaintiff was an employe of another concern, the Truscon Steel Company. This latter company's contract required it to do the structural steel work in the building. The plaintiff, in the pursuance of his work, walked across a plank in the building some seventeen feet above the floor, and while doing so was injured by the breaking of this plank and his fall to the floor resulting therefrom. The defendant company was also using this plank for the purpose of supporting the cables which it was installing. This was done by tying ropes around the plank and fastening them to the cables, suspending them some feet below the plank. The plaintiff claimed that defendant's employes had full knowledge of the user of the plank by himself and his fellow laborers as a means of passage from one part of the building to another, and that the breaking of the plank was the direct result of the excessive weight imposed upon it by persons crossing over it, plus the weight of the cables suspended from it.

The first contention made before us is that the judgment under review should be reversed because of the refusal of the trial court to grant a motion for a nonsuit, although, as appellant asserts, it conclusively appeared that defendant's employes were not guilty of any negligence whatever in imposing this additional weight upon the plank, because they had no reason to suppose that by doing so they would endanger the safety of anyone walking across the plank; and that even if they were negligent in so doing, the plaintiff was equally negligent in attempting to walk over the plank, having at that time full knowledge of the existing condition. These matters, however, were disposed of by the determination of the rule to show cause. It was contended before the trial court on the hearing of that rule that the finding of the jury that the defendant was guilty of negligence, and its further finding that the plaintiff was not guilty of contributory negligence, were contrary to the weight of the evidence. As is stated in the case of *Catterall* v. *Otis,* 103 *N. J. L.* 381, a reason assigned for a new trial that the verdict is contrary to

the weight of the evidence, which reason was argued, considered and decided on the return of the rule to show cause, is necessarily embraced within exceptions to the refusal to nonsuit and to direct a verdict on the ground that there was no evidence of defendant's negligence, and that contributory negligence of the plaintiff conclusively appeared, and bars the defendant from raising these same questions on appeal, notwithstanding that all exceptions were reserved by the rule.

It is next urged as a ground for reversal that the court erred in charging the jury that if the cable and sling of the defendant were affixed to the plank by defendant and were operated by defendant's employes, and the defendant knew, or should have known, that the plaintiff and others employed there were using this plank as a means of passage, then the defendant owed a duty to the plaintiff to exercise reasonable care that the plank would not become dangerous to persons who might lawfully be upon it. In our opinion this is a correct statement of the law upon this subject, and the contention on the part of the plaintiff in error is therefore without substance.

Next it is contended that the court erred in charging the jury that if it found from the evidence that the defendant was chargeable with the manipulation of the cable which was attached to the plank and caused excessive weight and pressure to be brought upon it, and the other facts alleged in the complaint; and further found that the defendant was negligent with respect thereto, then it should consider whether such negligence was the proximate cause of the accident. This instruction, like that just commented upon, properly defined the legal rule applicable to the facts, and this ground of reversal also is without merit.

It is further contended that the court erred in refusing to charge the defendant's fourth and tenth requests. They are as follows: "4. The defendant was not required by law to anticipate that the plaintiff, a man weighing over two hundred pounds, would attempt to use this timber as a part of a continuous passage from one end of the building to the other at the same time that it was being used by the defendant as a support for the cables. 10. If the jury find from the

evidence that defendant's employes moved the timber in question on the morning of September 12th, 1928, to the position they indicated above this opening, and used this timber continuously until it fell with the plaintiff, then your verdict must be for the defendant." The only argument that counsel makes in support of his assertion that there was error in refusing to charge these requests is: "We respectfully submit that these requests are correct statements of the law and properly should have been included in the charge." The fact that counsel makes no argument in support of this contention seems to us to indicate that he is not very much impressed with its soundness, and without the aid of counsel we have been unable to discover any error on the part of the court in refusing to charge these requests.

Lastly it is contended that the court committed error in its rulings upon certain testimony which is recited in the brief of the appellant. It is enough to say in disposing of this contenton that we have examined the testimony referred to in the brief of counsel and find no error in the rulings thereon by the court.

The judgment under review will be affirmed, with costs.